UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS FALETUI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-1342 AC P<br><br><br>ORDER |

**I.    Introduction**

Plaintiff Lewis Faletui is a Sacramento County inmate currently incarcerated at the Rio Cosumnes Correctional Center. Plaintiff proceeds pro se with a request to proceed in forma pauperis and a putative civil rights complaint filed pursuant to 42 U.S.C. § 1983.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the court grants plaintiff's request to proceed in forma pauperis, declines to direct service of plaintiff's original complaint, and grants plaintiff leave to file a First Amended Complaint.

**II.    In Forma Pauperis Application**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted. Plaintiff must nevertheless pay the statutory filing fee

1

of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's Complaint

#### A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

1 reasonable inference that the defendant is liable for the misconduct alleged.

2 "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however
3 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
4 lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,
5 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be
6 so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the
7 deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies
8 cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

9 **B.     The Complaint**

10 Plaintiff sues Sacramento County, the Rio Cosumnes Correctional Center, and
11 Sacramento County Sheriff Scott Jones. The complaint seeks 15 million dollars and plaintiff's
12 release from custody on the following grounds:

13 > This lawsuit is in reffence [sic] to COVID-19 and that the CDC
> recommendations are not being met. Social distancing, masks,
14 > uncleanly environment and that I am innocent until proven guilty
> without any medical testing being done. This is a violations [sic] of
15 > California Constitution articles 1, 3, 6 being violated. Especially the
> 6th 8th and 14th Amendments with[out] due process of law
16 > subjecting [me] to cruel and unusual punishment.

17 ECF No. 1 at 3.

18 Plaintiff asserts both that there is no inmate grievance procedure at Rio Cosumnes
19 Correctional Center and that he did not pursue his concerns through such process because he is
20 "scared of [his] safety." Id. at 2.

21 **C.     Analysis:  Failure to State a Cognizable Claim**

22 Defendants Sacramento County, the Rio Cosumnes Correctional Center (which is
23 operated by Sacramento County), and Sacramento County Sheriff Scott Jones in his official
24 capacity, collectively constitute a single defendant: Sacramento County. See, e.g., Kentucky v.
25 Graham, 473 U.S. 159, 165-66 (1985); Ctr. for Bio–Ethical Reform v. Los Angeles County
26 Sheriff Dept., 533 F.3d 780, 786 (9th Cir. 2008) (official capacity suit against county sheriff
27 equivalent to suit against county).

28 ////

3

To state a claim against a local governmental entity (i.e. Sacramento County), a plaintiff must allege that a specific "policy or custom" of the agency was the "moving force" causing the alleged constitutional violation. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). A local governmental entity may not be held liable under a respondeat superior theory premised on the individual conduct of its subordinates. Monell, 436 U.S. at 694.

Plaintiff's statement that he is "innocent until proven guilty" indicates that he is a pretrial detainee. A pretrial detainee's right to be protected by jail officials is grounded in the Fourteenth Amendment's Due Process Clause. The following standards apply:

> The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). (footnote, internal citations and punctuation omitted).

Under these standards, "no one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners. Plata v. Newsom, __ F.3d. __, 2020 WL 1908776, at *1, 2020 U.S. Dist. LEXIS 70271 (N.D. Cal. Apr. 17, 2020). Nevertheless, state and county officials are striving to reduce that risk. See id. at *4-5 (noting measures implemented to reduce infection and transmission of COVID-19 among state prisoners, including through increased sanitation, testing and social distancing). Such efforts must be specifically considered in determining whether a defendant's response to the COVID-19 pandemic is objectively unreasonable.

The instant complaint reflects plaintiff's generalized concerns that he may be exposed to COVID-19 while incarcerated at the Rio Cosumnes Correctional Center. Plaintiff alleges that the Center is not providing masks or testing or promoting social distancing, and that the environment is "unclean." ECF No. 1 at 3. These general allegations are insufficient to state a cognizable Fourteenth Amendment claim. A cognizable claim must be very specific in identifying defendant's challenged conduct, explain how that conduct is unreasonable under the circumstances, and describe how defendant's conduct has harmed plaintiff. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A cognizable claim must also be limited to plaintiff's own experience and personal risks; he cannot state a claim by asserting the interests of other or all detainees. "A litigant appearing in propria persona has no authority to represent anyone other than himself" in the action. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).

Finally, plaintiff cannot pursue a claim in this court that he has not exhausted through an inmate appeal procedures that is available at his place of incarceration. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Although exhaustion is not required "when circumstances render administrative remedies 'effectively unavailable,'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires "a good-faith effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012). The exhaustion requirement accords prisoners the possibility of obtaining more immediate and effective relief. The requirement provides an opportunity for correctional officials to address complaints internally, thereby deterring frivolous lawsuits and creating an administrative record should the matter later proceed to court. See Porter v. Nussle, 534 U.S.

516, 525 (2002). "The primary purpose of a grievance . . . is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The instant complaint does not provide enough factual information to assess whether plaintiff's putative claims are cognizable under these legal standards. For this reason, the court will not direct service of the complaint at this time. Plaintiff will be provided the opportunity to prepare and file an amended complaint that conforms to the appropriate legal standards.

### IV.  Leave to File an Amended Complaint

Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state a cognizable federal claim subject to the legal standards set forth herein. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

### V.  Plain Language Summary for Pro Se Litigant

You have been granted in forma pauperis status and will pay the filing fee in small amounts over time.

The court has screened your complaint and found that it does not, as framed, state a cognizable claim. You are being given the opportunity to file an amended complaint that specifically describes the practices, procedures and/or policies that you are challenging, why they are deficient, and how you have been harmed. You should also explain whether there is an inmate grievance procedure at Rio Cosumnes Correctional Center and, if so, why that procedure was "effectively unavailable" to you before you filed the instant action.

If you file an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A. You are not obligated to file an amended complaint. If you do not file an amended complaint, this court will recommend that your action be dismissed without prejudice.

**VI.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. The complaint, ECF No. 1, is found not to state a claim upon which relief may be granted.

4. Plaintiff is granted leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED: July 8, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE